JOANNE ALNAJJAR BUSER (SBN 295191)
joanne.buser@quarles.com
JACK T. EDMOND (SBN 363497)
jack.edmond@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendant Wayfair LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED SAENZ, an individual , <br><br> Plaintiff, <br><br> v. <br><br> WAYFAIR LLC, a limited liability company, and DOES 1 through 100 inclusive, <br><br> Defendant. | Case No. 5:26-cv-4323 <br><br> **DEFENDANT WAYFAIR LLC'S NOTICE OF REMOVAL** <br><br> [Superior Court of the State of California, County of Riverside, Case No. CVRI2603808] |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Wayfair LLC ("Defendant" or "Wayfair") hereby gives notice of removal of the civil action, *Jared Saenz v. Wayfair LLC*, Case No. CVRI2603808 (the "State Court Action"), from the California Superior Court in and for Riverside County to the United States District Court for the Central District of California.

Defendant files this Notice of Removal (the "Notice") pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

---

DEFENDANT WAYFAIR LLC'S NOTICE OF REMOVAL

As grounds for removal of this action, Defendant states as follows:

1.    Plaintiff Jared Saenz ("Plaintiff") filed the State Court Action on June 29, 2026.  The Complaint is attached within **Exhibit A**.

2.    Additionally, to provide this Court with a complete record of the proceedings in the State Court Action pursuant to 28 U.S.C. section 1446(a), copies of all other orders, pleadings, and process that have been served upon Defendant are attached as **Exhibit A**.

3.    Plaintiff completed service of the Complaint on Defendant through its agent for service of process, effective July 1, 2026.  Declaration of Joanne A. Buser ("Buser Decl.") ¶ 2.

4.    Therefore, Defendant has thirty days after service was deemed complete under California law—that is, until July 31, 2026—to remove the matter to this Court.  *Id.* at ¶ 3.

5.    Thus, this Notice is timely, as it is filed within thirty (30) days of the date on which Defendant was served with Plaintiff's Complaint.  *See* 28 U.S.C. § 1446(b).

6.    On July 30, 2026, Defendant filed its Answer to Plaintiff's Complaint in California Superior Court.  Buser Decl. ¶ 5; **Exhibit B**.

7.    Venue is proper because the State Court Action was pending in Riverside County, which is in this District.  *See* 28 U.S.C. §§ 1441(a), 1391(b).

8.    The United States District Court has diversity jurisdiction over this action pursuant to 28 U.S.C. sections 1441(b) and 1332(a) because it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

/ / /

/ / /

/ / /

/ / /

2

9. Complete diversity exists. Plaintiff is an individual residing in California. *See* Notice Exhibit A, Complaint at ¶ 1. Plaintiff is therefore a citizen of the State of California for purposes of this Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled).

10. For purposes of diversity jurisdiction, a limited liability company is deemed to be a citizen of each state as to which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is considered a citizen of the state in which it is incorporated and of the state where it maintains its principal place of business on the date the Complaint was filed. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

11. Wayfair LLC's sole member is SK Retail, Inc. Declaration of Valerie Bonilla (hereinafter, "Bonilla Decl.") ¶ 5. SK Retail, Inc. is incorporated in Massachusetts, and its principal place of business is also in Boston, Massachusetts, at 4 Copley Place, Boston, Massachusetts 02116. *Id.* Therefore, Wayfair LLC is a citizen of Massachusetts, and complete diversity exists between Plaintiff and Defendant. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

12. The amount in controversy is over $75,000. The Ninth Circuit holds that "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). The amount in controversy "reflects the maximum recovery the plaintiff could reasonably recover." *Mutchler on behalf of California v. Circle K Stores, Inc.*, Case No.: 20cv1239-GPC(BGS), 2020 WL 5511985, at *2 (S.D. Cal. Sept. 14, 2020).

/ / /

/ / /

/ / /

DEFENDANT WAYFAIR LLC'S NOTICE OF REMOVAL

13.    When a complaint fails to establish a specific total amount in controversy, a removing defendant need only establish the necessary jurisdictional amount by a preponderance of the evidence. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

14.    In determining whether it is more likely than not that the amount in controversy exceeds $75,000, a court can consider evidence, including: (a) the allegations in the Complaint, facts in the removal petition, and any summary judgment-type evidence that is submitted; (b) jury verdicts involving similar allegations and claims; (c) emotional distress damages; (d) punitive damages, if they are recoverable as a matter of law; and (e) attorneys' fees, if they are authorized by statute. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Perez v. Baxter Healthcare Corp.*, No. 2:12-cv-08075, 2012 WL 5373468, at *2 (C.D. Cal. Oct. 31, 2012). District courts may also make estimates of the amount in controversy. *Tiffany v. O'Reilly Auto. Stores, Inc.*, No. CIV. S-13-0926, 2013 WL 4894307, at *2 (E.D. Cal. Sept. 11, 2013).

15.    In this lawsuit, Plaintiff alleges six separate causes of action against Defendant. Specifically, Plaintiff alleges: (i) wrongful termination in violation of public policy; (ii) retaliation in violation of Labor Code section 6310; (iii) retaliation in violation of Labor Code section 1102.5; (iv) retaliation in violation of Labor Code section 98.6; (v) negligent supervision; and (vi) negligent retention. *See* Notice Exhibit A, Complaint.

16.    While the Complaint does not identify a specific amount for monetary relief, Plaintiff seeks general and special damages; past and future lost wages, salary, bonuses, commissions, employment benefits, and all other forms of compensation; past and future loss of earning capacity; non-economic distress damages; prejudgment interest; punitive and exemplary damages pursuant to Civil Code section 3294; reasonable attorney's fees pursuant to Labor Code section 6310; and costs of suit. *See* Notice Exhibit A, Complaint at ¶¶ 70, 86, 88, 100-101, 115-

4

116, 127-128, 142-143, 158-159, and Prayer for Relief.  Based on reasonable estimates of the allegations asserted in the Complaint, the amount Plaintiff has placed in controversy in this action well exceeds $75,000.

17.    For example, Plaintiff was employed as a Warehouse Associate 1 earning $22.50 per hour, working on a full-time schedule for 40 hours per week while employed by Wayfair LLC, until on or around April 10, 2026, when his employment was terminated.  Bonilla Decl. ¶¶ 7-8.  Thus, Plaintiff's annual wages were approximately $46,800.00 during his employment.  *Id*.  The period between Plaintiff's date of termination and the filing of this Notice is approximately four months, making any lost wages for this period total approximately $15,600.  In addition, assuming the Court sets a trial date one year from this removal notice, and assuming Plaintiff does not secure employment between now and trial, Plaintiff's potential lost wages will continue to accrue to approximately $62,400, which nearly satisfies the amount in controversy in and of itself.  Plaintiff is also seeking non-economic emotional distress damages.  In considering emotional distress damages, courts will often look to damage awards in similar cases.  *See*, *e.g.*, *Perez*, 2012 WL 5373468, at *3 (noting awards for emotional distress in state court cases including *Morales v. L.A. Cnty. Metro. Transp. Auth.*, No. BC339557 (L.A. Super. Ct. Aug. 19, 2008), where the plaintiff was awarded $300,000 for past non-economic damages, *Ismen v. Beverly Hosp.*, No. BC366198 (L.A. Super. Ct. Aug. 13, 2008), where the plaintiff was awarded $113,000 in emotional distress damages, and *Cortes v. Montebello Unified Sch. Dist.*, No. BC359419 (L.A. Super. Ct. May 27, 2008), where the plaintiff was awarded $82,000 in non-economic damages).  Therefore, considering economic and non-economic damages, the damages at issue well exceed the threshold amount in controversy.  The economic damages figure here also does not account for any lost benefits, which would only add to the amount in controversy.

/ / /

DEFENDANT WAYFAIR LLC'S NOTICE OF REMOVAL

18.    This case also meets the jurisdictional threshold because Plaintiff seeks attorneys' fees in connection with his retaliation claims. *See* Notice Exhibit A, Complaint, at ¶¶ 101, 116, 128. Plaintiff alleges that he is entitled to attorneys' fees associated with bringing this action. *Ibid*. Therefore, it is appropriate for the Court, when calculating the amount in controversy, to consider possible future attorneys' fees that an attorney would be entitled to if the action were to succeed. *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018) ("In calculating future attorneys' fees, district courts may . . . rely on their own knowledge of customary rates and their experience concerning reasonable and proper fees." (internal quotation marks and citation omitted)). Courts have also routinely awarded attorneys' fees in other cases that exceed $75,000. *See, e.g.*, *Jadwin v. Cnty. of Kern*, 767 F. Supp. 2d 1069, 1141 (E.D. Cal. 2011) (awarding the prevailing party attorneys' fees of $535,700); *Leuzinger v. Cnty of Lake*, No. C 06-00398 SBA, 2009 WL 839056, at *12 (N.D. Cal. March 30, 2009) (awarding prevailing party attorneys' fees of $735,500); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 504, 518 (9th Cir. 2000) (affirming award of $580,414 in attorneys' fees in an employment retaliation case).

19.    Plaintiff additionally seeks punitive damages and claims that he is entitled to recover them. *See* Notice Exhibit A, Complaint, at ¶¶ 7, 88. Punitive damages are also available under California law for wrongful termination claims, which Plaintiff asserts here. *See Stainbrook v. Target Corp.*, Case No. 2:16-CV-00090-ODW, 2016 WL 3248665, at *4 (C.D. Cal. June 8, 2016). Plaintiff's claims for punitive damages would similarly support the amount in controversy, as awards of punitive damages in other comparable cases routinely exceed $75,000. *See, e.g.*, *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (citing employment discrimination cases that yielded jury verdicts with punitive damage awards ranging from $60,000 to $40 million); *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 894 (9th Cir. 1994) (affirming punitive damages award of $833,434.80 in

DEFENDANT WAYFAIR LLC'S NOTICE OF REMOVAL

employment discrimination case); *Passantino*, 212 F.3d at 504, 518 (affirming jury award of $100,000 in back pay, $2,000,000 in front pay, $1,000,000 in compensatory emotional distress damages, $300,000 in punitive damages, and $580,414 in attorneys' fees in an employment retaliation case).

20. Should this case be litigated to a verdict in which Plaintiff is determined to be the prevailing party, it would not be speculative for Plaintiff to be awarded attorneys' fees that, when combined with any economic damages claim for lost wages and any non-economic damages he can prove, would well exceed $75,000 (at least $62,400 in lost wages alone without accounting for lost benefits, and not accounting for any non-economic damages which, alone, are likely to exceed the amount in controversy threshold).

21. Based on these contentions, Defendant has proven that this case meets the $75,000 jurisdictional threshold by a preponderance of the evidence.[1] *See Guglielmino*, 506 F.3d at 699.

22. Defendant will, upon filing this Notice of Removal, give notice of the removal to Plaintiff and the Superior Court. Buser Decl. ¶ 8.

## Conclusion

For the foregoing reasons, Defendant hereby removes this case to the United States District Court for the Central District of California.

Dated: July 31, 2026        QUARLES & BRADY LLP

By:      */s/ Joanne Alnajjar Buser*
JOANNE ALNAJJAR BUSER
JACK T. EDMOND
Attorneys for Defendant Wayfair LLC

---

[1] Defendant does not admit liability for this amount. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

## TABLE OF CONTENTS OF EXHIBITS

| Exhibit | Description | Page No. |
|---|---|---|
| A | True and correct copies of (i) Plaintiff's Complaint, (ii) Certificate of Counsel, (iii) Civil Case Cover Sheet, (iv) Summons in the State Court Action, (v) the Alternative Dispute Resolution packet, (vi) the Notice of Department Assignment; and (vii) the Notice of Case Management Conference, served on Defendant on July 1, 2026. | 9 |
| B | A true and correct copy of the Answer filed by Defendant in the State Court Action on July 30, 2026. | 44 |
| C | A true and correct copy of the Register of Actions in the State Court Action as of July 31, 2026. | 51 |
| D | A true and correct copy of an Amended Proof of Service for the Answer filed by Defendant in the State Court Action on July 30, 2026. | 55 |

# Exhibit A

Electronically FILED by Superior Court of California, County of Riverside on 06/29/2026 12:32 PM
Case Number CVRI2603808 0000172555835 - Jason B. Galkin, Executive Officer/Clerk of the Court By Courtney Flores, Clerk

Jeffrey M. Schwartz, Esq. SBN 254916
SCHWARTZ LAW, P.C.
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278
(888) 7300-LAW
jeff@JeffSchwartzLaw.com

Attorney for Plaintiff
Jared Saenz

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF RIVERSIDE

| | |
|---|---|
| JARED SAENZ, an individual<br><br>Plaintiff<br><br>vs.<br><br>WAYFAIR LLC, a limited liability company,<br><br>and DOES 1 through 100, inclusive<br><br>Defendants. | Case No. CVRI2603808<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br>2. RETALIATION IN VIOLATION OF LABOR CODE § 6310<br>3. RETALIATION IN VIOLATION OF LABOR CODE § 1102.5<br>4. RETALIATION IN VIOLATION OF LABOR CODE § 98.6<br>5. NEGLIGENT SUPERVISION<br>6. NEGLIGENT RETENTION<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jared Saenz brings this action against defendants Wayfair LLC and Does 1 to 100, inclusive (collectively, "Defendants"), and alleges, on information and belief except as to those allegations relating to Plaintiff himself, which are asserted on personal knowledge, as follows:

### INTRODUCTION

This action arises from Defendants' decision to terminate Plaintiff after he reported that a coworker threatened to shoot him. Rather than taking reasonable measures to protect Plaintiff or permit him to continue working safely, Defendants

1

COMPLAINT FOR DAMAGES

conducted an inadequate investigation, failed to address Plaintiff's legitimate safety concerns, characterized Plaintiff's resulting absences as attendance violations, and terminated his employment. This action seeks damages for wrongful termination, retaliation, and related claims arising from Defendants' unlawful conduct.

## PARTIES

1. Plaintiff Jared Saenz ("Plaintiff" or "Saenz") is, and at all relevant times was, an individual residing in California.

2. Defendant Wayfair LLC ("Wayfair") is, and at all relevant times was, a foreign limited liability company authorized to conduct business in California.

3. At all relevant times, Wayfair employed Plaintiff at one of its California warehouse facilities.

4. The true names and capacities, whether individual, corporate, associate, representative or otherwise, of the Defendants identified herein as Does 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by said fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of Does 1 through 100 when they have been ascertained. Each Doe Defendant was in some manner legally responsible for the acts alleged herein and that Plaintiff's damages were proximately caused thereby.

5. At all relevant times, each Defendant acted as the agent, employee, representative, joint venturer, alter ego, successor, or co-conspirator of each remaining Defendant and, in doing the things alleged herein, acted within the course and scope of such relationship.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to Code of Civil Procedure Section 410.10.

SCHWARTZ LAW, P.C.
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278
(888) 7300-LAW

2

COMPLAINT FOR DAMAGES

7. This Court has jurisdiction over this action because the amount in controversy exceeds the jurisdictional minimum of this Court.

8. This Court has jurisdiction over Defendants because each is either a California corporation or has sufficient minimum contacts with the State of California so as to render the exercise of jurisdiction consistent with traditional notions of fair play and substantial justice.

9. Venue is proper in Los Angeles County pursuant to Code of Civil Procedure section 395 because Plaintiff worked in this County, the wrongful conduct occurred in this County, and Defendants regularly transact business in this County.

10. Plaintiff has satisfied all conditions precedent to filing this action, or such conditions have been waived or excused.

## GENERAL ALLEGATIONS

**Employment**

11. At all relevant times, Plaintiff was an employee of Defendants.

12. As Plaintiff performed his duties, Wayfair owed statutory and common-law duties to provide him with a reasonably safe workplace, to investigate and appropriately respond to credible reports of workplace violence, and to refrain from retaliating against employees who report unsafe working conditions.

13. California has a fundamental public policy protecting employees who report workplace safety concerns, cooperate in workplace safety investigations, refuse to expose themselves to unsafe working conditions, and seek protection from workplace violence.

**Workplace Threat**

14. During Plaintiff's employment, he worked with an employee identified herein as "Jose."

SCHWARTZ LAW, P.C.
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278
(888) 7300-LAW

3
COMPLAINT FOR DAMAGES

SCHWARTZ LAW, P.C.
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278
(888) 7300-LAW

15. Jose told Plaintiff that he was affiliated with a criminal street gang and had previously served time in jail.

16. Jose also exhibited behavior that caused Plaintiff concern regarding his stability and propensity for violence.

17. On or about March 17, 2026, while Plaintiff and Jose were leaving work and clocking out, Jose threatened Plaintiff by stating that he would "smoke" Plaintiff and that "it wouldn't be the first time."

18. Plaintiff reasonably understood Jose's statement to mean that Jose was threatening to shoot and kill him.

19. In light of Jose's prior statements concerning gang affiliation and incarceration, Plaintiff reasonably believed the threat was genuine and imminent.

20. Plaintiff immediately removed himself from the situation to avoid further confrontation.

21. Plaintiff did not threaten Jose, provoke Jose, or otherwise engage in conduct warranting the threat made against him.

**Plaintiff Immediately Reports the Threat**

22. At all relevant times, Defendants maintained, or were required to maintain, a Workplace Violence Prevention Plan pursuant to Labor Code section 6401.9. Plaintiff's report triggered Defendants' duties under that plan.

23. Within hours of the incident, Plaintiff reported the threat to Wayfair Human Resources in writing.

24. Plaintiff advised Human Resources that Jose had threatened to shoot him, had represented himself as a gang member, and had stated that carrying out such violence "wouldn't be the first time."

25. Plaintiff also informed Wayfair that surveillance cameras and other employees may have witnessed or corroborated portions of the incident and requested that Wayfair investigate those sources.

4
COMPLAINT FOR DAMAGES

SCHWARTZ LAW, P.C.
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278
(888) 7300-LAW

26. Plaintiff further advised Human Resources that he no longer felt safe returning to work while Jose remained employed at the facility.

27. Plaintiff repeatedly explained that he was not refusing to work. Instead, he repeatedly informed Wayfair that he wanted to continue working if Wayfair implemented reasonable measures to protect his safety.

28. Plaintiff specifically requested that Wayfair separate him from Jose or permit him to work shifts during which Jose was not present.

29. Plaintiff further explained why he believed the threat should be taken seriously and requested prompt intervention before his next scheduled shift.

## Wayfair Acknowledges the Complaint

30. Human Resources acknowledged receipt of Plaintiff's complaint.

31. Human Resources advised Plaintiff that Wayfair would coordinate with management and safety personnel to investigate the reported workplace violence.

32. Human Resources further advised Plaintiff that Wayfair would follow up with him regarding the results of its investigation.

33. Plaintiff relied upon those representations.

34. Plaintiff reasonably expected Wayfair to promptly investigate the reported death threat and implement reasonable measures to ensure his safety before requiring him to return to work.

## Plaintiff Attempts to Continue Working

35. During the investigation, Plaintiff repeatedly informed Wayfair that he wished to continue working.

36. Plaintiff repeatedly requested assignment to another shift or another schedule that would prevent him from encountering Jose.

37. Plaintiff informed Wayfair that he would report to work if reasonable steps were taken to ensure he would not be required to work alongside the individual who had threatened to shoot him.

5

COMPLAINT FOR DAMAGES

38. Plaintiff repeatedly asked Wayfair whether Jose remained employed at the facility because Plaintiff believed that information was necessary to determine whether it was reasonably safe for him to return.

39. Rather than answer Plaintiff's safety-related questions or advise him what protective measures had been implemented, Wayfair repeatedly declined to disclose whether Jose remained employed.

40. Plaintiff continued expressing his willingness to work provided reasonable safety measures were implemented.

**HR knew Plaintiff wanted to return**

41. At all relevant times following the March 17, 2026 incident, Plaintiff repeatedly informed Defendants that he wished to continue his employment and repeatedly requested only reasonable measures that would permit him to work safely. Defendants therefore knew he was not abandoning his job.

**Scheduling and System Access**

42. During this same period, Wayfair instructed Plaintiff to select a different work schedule.

43. Plaintiff informed Wayfair that he was unable to do so because he could not access Wayfair's employee scheduling system using his employee credentials.

44. Plaintiff advised Wayfair that the inability to access the scheduling system prevented him from selecting another shift as instructed.

45. Despite receiving notice of Plaintiff's inability to access the scheduling system, Wayfair failed to timely restore his access or otherwise provide an alternative method by which he could select a new shift.

46. Plaintiff remained willing to continue working and repeatedly communicated with Wayfair regarding available alternatives.

47. Plaintiff reasonably believed Wayfair would either restore his scheduling access or manually assign him to a safe work schedule.

SCHWARTZ LAW, P.C.
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278
(888) 7300-LAW

6
COMPLAINT FOR DAMAGES

## Wayfair's Investigation

48. Wayfair failed to conduct a prompt, reasonable, and thorough investigation into Plaintiff's complaint commensurate with the seriousness of a reported death threat.

49. At no time did Defendants conclude that Plaintiff fabricated the reported threat. Instead, they merely advised him that they were unable to substantiate it.

50. Wayfair nevertheless expected Plaintiff to return to work despite his continuing and objectively reasonable concerns for his personal safety.

51. At no time did Wayfair advise Plaintiff of any protective measures that would prevent further contact between him and Jose.

52. At no time did Wayfair assure Plaintiff that Jose would not be working alongside him.

53. Plaintiff continued to express his willingness to work if Wayfair implemented reasonable measures to address the reported threat.

## Defendants' Conscious Disregard of Plaintiff's Safety

54. Plaintiff repeatedly advised Defendants that he wanted to continue working and requested only reasonable measures that would permit him to do so safely.

55. Plaintiff never refused to continue his employment. Rather, he repeatedly sought Defendants' assistance so that he could safely return to work.

56. Defendants nevertheless failed to take reasonable measures to address Plaintiff's safety concerns and instead treated his inability to safely return to work as an attendance problem.

57. Defendants knew Plaintiff was reporting what he reasonably believed to be a credible threat of deadly workplace violence.

58. Despite possessing that knowledge, Defendants failed to implement reasonable protective measures sufficient to permit Plaintiff to safely return to work.

59. Defendants never advised Plaintiff that Jose had been removed from Plaintiff's shift, suspended, disciplined, terminated, or otherwise prevented from having

SCHWARTZ LAW, P.C.
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278
(888) 7300-LAW

7

COMPLAINT FOR DAMAGES

contact with Plaintiff.

60. Instead, Defendants repeatedly insisted that Plaintiff return to work without providing meaningful assurance that he would not again be required to work alongside the individual who had threatened him.

61. Plaintiff further advised Defendants that he could not access the electronic scheduling system after being instructed to select another shift. Defendants nevertheless failed to timely restore his access or otherwise provide him with a practical means of complying with their directives.

62. Rather than addressing Plaintiff's safety concerns and facilitating his return to work, Defendants treated his inability to safely return as an attendance problem.

63. Defendants understood that requiring Plaintiff to return to work without adequately addressing the reported threat would force him to choose between risking his personal safety and losing his employment.

64. Defendants consciously chose to terminate the employee who reported workplace violence instead of taking reasonable measures to protect that employee from the reported threat.

65. Defendants' conduct was despicable because it placed economic pressure on Plaintiff to either return to what he reasonably believed was a dangerous workplace or lose his livelihood.

66. Defendants' conduct was carried on with a willful and conscious disregard for Plaintiff's rights and safety.

67. One or more managing agents responsible for Human Resources, workplace safety, employee relations, and/or approval of Plaintiff's termination authorized, ratified, directed, or personally participated in the wrongful conduct alleged herein, and did so with malice, oppression, or conscious disregard of Plaintiff's rights within the meaning of Civil Code section 3294.

SCHWARTZ LAW, P.C.
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278
(888) 7300-LAW

8
COMPLAINT FOR DAMAGES

SCHWARTZ LAW, P.C.
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278
(888) 7300-LAW

**Termination**

68. Wayfair subsequently terminated Plaintiff's employment.

69. Defendants asserted attendance as the reason for Plaintiff's discharge. That asserted reason was false and pretextual. Plaintiff's protected complaints regarding workplace violence and workplace safety were substantial motivating reasons for Defendants' decision to terminate his employment.

70. As a direct and legal result of Defendants' conduct, Plaintiff has sustained lost wages, lost employment benefits, emotional distress, humiliation, anxiety, and other damages in an amount to be proven at trial.

**FIRST CAUSE OF ACTION FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AGAINST ALL DEFENDANTS**

71. Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

72. At all relevant times, California maintained fundamental public policies protecting employees who report workplace safety concerns, report workplace violence, refuse to work under objectively unsafe conditions, and seek protection from credible threats of violence in the workplace.

73. These public policies are reflected in, among other authorities including, without limitation, Labor Code sections 6310, 6400, 6401, and 6401.9, together with California's strong public policy favoring safe and healthful workplaces.

74. Plaintiff engaged in conduct protected by these public policies when he immediately reported that a coworker had threatened to shoot him, informed Wayfair that he reasonably feared for his personal safety, requested that Wayfair investigate the threat, and repeatedly sought a safe means by which he could continue performing his job duties.

75. Plaintiff repeatedly informed Wayfair that he desired to continue working and requested reasonable measures to separate him from the employee who had

9

COMPLAINT FOR DAMAGES

threatened him.

76. Rather than refusing to work, Plaintiff consistently sought to continue his employment while avoiding exposure to what he reasonably believed to be a credible threat of deadly violence.

77. Defendants were fully aware of Plaintiff's protected conduct.

78. Defendants acknowledged Plaintiff's complaint, represented that they would investigate the reported workplace violence, and advised Plaintiff him they would coordinate with management and safety personnel regarding the matter.

79. Despite receiving notice of Plaintiff's repeated requests for protection, Defendants failed to implement reasonable measures sufficient to alleviate his objectively reasonable concerns regarding his safety.

80. Plaintiff further advised Defendants that he was unable to access the employee scheduling system necessary to select an alternate work schedule after Defendants instructed him to do so.

81. Defendants nevertheless failed to timely restore Plaintiff's access or otherwise provide him with a practical means of accepting an alternate work schedule.

82. Instead of protecting Plaintiff after he reported workplace violence, Defendants characterized his resulting absences as attendance violations.

83. Defendants thereafter terminated Plaintiff's employment.

84. Plaintiff's protected complaints regarding workplace violence, his requests for a safe workplace, and his refusal to expose himself to what he reasonably believed was a credible threat of serious bodily harm were substantial motivating reasons for Defendants' decision to terminate his employment.

85. Defendants' conduct violated California's fundamental public policies protecting employees who report unsafe working conditions and workplace violence.

86. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer loss of earnings, loss of employment benefits,

SCHWARTZ LAW, P.C.
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278
(888) 7300-LAW

10

COMPLAINT FOR DAMAGES

future wage loss, emotional distress, mental anguish, anxiety, humiliation, embarrassment, and other general and special damages according to proof.

87. Defendants' managing agents, including individuals responsible for Human Resources, workplace safety, and the decision to terminate Plaintiff's employment, authorized, ratified, or personally participated in the decision to terminate Plaintiff despite knowing that Plaintiff had reported a credible threat of workplace violence and had repeatedly requested only reasonable measures that would permit him to continue working safely. Such conduct was despicable and carried on with a willful and conscious disregard of Plaintiff's rights and safety within the meaning of Civil Code section 3294.

88. Plaintiff is therefore entitled to recover compensatory damages, punitive damages, costs of suit, prejudgment interest as permitted by law, and all other relief the Court deems just and proper.

## SECOND CAUSE OF ACTION FOR RETALIATION IN VIOLATION OF LABOR CODE SECTION 6310 AGAINST ALL DEFENDANTS

89. Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

90. Labor Code section 6310 prohibits an employer from discharging or otherwise discriminating against an employee because the employee has made a bona fide complaint regarding unsafe working conditions or workplace safety.

91. Plaintiff engaged in activity protected by Labor Code section 6310 when he reported to Wayfair that a coworker had threatened to shoot him, advised Human Resources that he feared for his safety, requested that Wayfair investigate the reported workplace violence, and repeatedly sought reasonable measures that would permit him to continue working safely.

92. Plaintiff's complaints regarding the threat of workplace violence constituted good-faith complaints concerning unsafe working conditions.

SCHWARTZ LAW, P.C.
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278
(888) 7300-LAW

11
COMPLAINT FOR DAMAGES

**Notice of Removal - Exhibit A**
**20**

93. Defendants knew Plaintiff had engaged in protected activity because he repeatedly communicated his concerns directly to Human Resources and management in writing, and Defendants acknowledged receipt of those complaints and represented that they would investigate them.

94. Rather than providing Plaintiff with a safe workplace, Defendants failed to take reasonable steps to resolve his safety concerns, refused to provide him with sufficient information to determine whether it was safe for him to return to work, and ultimately treated his continued absence as an attendance violation.

95. During this same period, Plaintiff advised Defendants that he could not access the employee scheduling system necessary to select another shift after being instructed to do so. Despite receiving notice of that problem, Defendants failed to timely restore his access or otherwise provide a practical means for him to select an alternate schedule.

96. Plaintiff repeatedly advised Defendants that he wished to continue working if reasonable measures were taken to protect his safety.

97. Defendants nevertheless terminated Plaintiff's employment.

98. Plaintiff's protected complaints regarding unsafe working conditions and workplace violence were a substantial motivating reason for Defendants' decision to terminate his employment.

99. Defendants' stated attendance justification was false, pretextual, or was applied in retaliation for Plaintiff's protected safety complaints.

100. As a direct and legal result of Defendants' unlawful retaliation, Plaintiff has suffered loss of past and future earnings, lost employment benefits, emotional distress, anxiety, humiliation, and other economic and noneconomic damages according to proof.

101. Pursuant to Labor Code section 6310, Plaintiff is entitled to recover all damages authorized by law, together with attorney's fees, costs of suit, prejudgment

SCHWARTZ LAW, P.C.
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278
(888) 7300-LAW

12
COMPLAINT FOR DAMAGES

SCHWARTZ LAW, P.C.
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278
(888) 7300-LAW

interest where authorized, and such other relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION FOR RETALIATION IN VIOLATION OF LABOR CODE SECTION 1102.5 AGAINST ALL DEFENDANTS

102. Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

103. Labor Code section 1102.5 prohibits an employer from retaliating against an employee because the employee disclosed information, or because the employer believed the employee disclosed or might disclose information, to a person with authority over the employee or another employee who had authority to investigate, discover, or correct legal violations, where the employee had reasonable cause to believe the information disclosed revealed a violation of state or federal law.

104. Plaintiff disclosed information concerning what he reasonably believed were violations of California workplace safety laws and regulations to Wayfair's Human Resources department, management personnel, and individuals responsible for workplace safety and security.

105. Specifically, Plaintiff reported that a coworker had threatened to shoot him, represented himself to be affiliated with a criminal street gang, claimed prior incarceration, and made statements that caused Plaintiff to reasonably believe he faced a credible threat of deadly violence if required to continue working alongside that coworker.

106. Plaintiff further disclosed that Defendants had failed to provide a workplace free from recognized hazards, failed to adequately address a reported threat of workplace violence, and failed to take appropriate action to protect employees after receiving notice of a credible threat.

13

COMPLAINT FOR DAMAGES

SCHWARTZ LAW, P.C.
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278
(888) 7300-LAW

107. Plaintiff reasonably believed the conduct he reported violated California law, including, but not limited to, Labor Code sections 6400, 6401, and 6401.9, together with other applicable California workplace safety requirements.

108. Plaintiff made these disclosures in good faith.

109. Defendants knew Plaintiff had made protected disclosures because he repeatedly communicated his concerns directly to Human Resources and management in writing, and Defendants expressly acknowledged receiving those complaints and represented that they would investigate them.

110. Plaintiff continued cooperating with Defendants' investigation and repeatedly advised Defendants that he wished to continue working if reasonable safety measures were implemented.

111. Plaintiff further advised Defendants that he was unable to utilize the employee scheduling system after being instructed to select another shift and informed Defendants that the system would not permit him to make the requested schedule change. Despite receiving notice of this problem, Defendants failed to timely restore his access or otherwise provide a practical means for him to select another work schedule.

112. Shortly after Plaintiff made his protected disclosures, Defendants subjected him to adverse employment actions, including characterizing his absences as attendance violations and terminating his employment.

113. Plaintiff's protected disclosures were a contributing factor and a substantial motivating reason in Defendants' decision to terminate his employment.

114. Defendants' asserted attendance justification was false, pretextual, or was used to conceal unlawful retaliation against Plaintiff for reporting violations of California workplace safety laws.

115. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered lost wages, lost employment benefits, diminished earning capacity,

14
COMPLAINT FOR DAMAGES

emotional distress, mental anguish, anxiety, humiliation, and other economic and noneconomic damages according to proof.

116. Pursuant to Labor Code section 1102.5 and all other applicable law, Plaintiff is entitled to recover compensatory damages, attorney's fees, costs of suit, prejudgment interest, and all other relief authorized by law.

## FOURTH CAUSE OF ACTION FOR RETALIATION IN VIOLATION OF LABOR CODE SECTION 98.6 AGAINST ALL DEFENDANTS

117. Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

118. Labor Code section 98.6 prohibits an employer from discharging, discriminating, retaliating against, or taking any adverse employment action against an employee because the employee engaged in conduct protected by the Labor Code.

119. At all relevant times, Plaintiff exercised rights protected by the California Labor Code, including but not limited to, Labor Code sections 6310, 6400, 6401, and 6401.9, by reporting unsafe working conditions, reporting a credible threat of workplace violence, requesting that Defendants provide a safe workplace, and refusing to expose himself to what he reasonably believed was a serious and imminent threat to his safety.

120. Plaintiff made repeated good-faith complaints to Human Resources and management regarding a coworker who threatened to shoot him, represented that he was affiliated with a criminal street gang, and made statements causing Plaintiff to reasonably believe the threat was credible. Plaintiff further requested that Defendants investigate the threat and implement reasonable measures that would allow him to continue working safely.

121. Plaintiff repeatedly advised Defendants that he was willing to continue working if Defendants separated him from the threatening employee or otherwise implemented reasonable measures to protect his safety.

SCHWARTZ LAW, P.C.
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278
(888) 7300-LAW

15

COMPLAINT FOR DAMAGES

SCHWARTZ LAW, P.C.
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278
(888) 7300-LAW

122. Defendants acknowledged Plaintiff's complaints and represented that they would investigate the reported workplace violence. Defendants nevertheless failed to provide him with reasonable assurance that he could safely return to work.

123. Defendants instructed Plaintiff to select an alternate work schedule while he was unable to access Defendants' employee scheduling system. Plaintiff informed Defendants that he could not access the system necessary to select a new shift. Despite receiving notice of this problem, Defendants failed to timely restore his access or otherwise provide him with a practical means of complying with Defendants' instructions.

124. Thereafter, Defendants treated Plaintiff's resulting absences as attendance violations and terminated his employment.

125. Plaintiff's exercise of rights protected by the Labor Code was a substantial motivating reason for Defendants' decision to terminate his employment.

126. Defendants' asserted attendance justification was false, pretextual, selectively enforced, or otherwise used as a means to retaliate against Plaintiff for exercising rights protected under the Labor Code.

127. As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff has sustained and continues to sustain loss of earnings, loss of employment benefits, loss of future earning capacity, emotional distress, mental anguish, humiliation, anxiety, and other economic and noneconomic damages according to proof.

128. Pursuant to Labor Code section 98.6 and all other applicable law, Plaintiff is entitled to recover compensatory damages, attorney's fees where authorized by law, costs of suit, prejudgment interest, and such other and further relief as the Court deems just and proper.

16
COMPLAINT FOR DAMAGES

SCHWARTZ LAW, P.C.
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278
(888) 7300-LAW

## FIFTH CAUSE OF ACTION FOR NEGLIGENT SUPERVISION AGAINST ALL DEFENDANTS

129. Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

130. At all relevant times, Defendants owed Plaintiff a duty to exercise reasonable care in supervising, controlling, and managing their employees so as to protect employees from reasonably foreseeable harm, including reasonably foreseeable acts of workplace violence.

131. Defendants further owed Plaintiff a duty to exercise reasonable care in responding to reports of workplace violence and credible threats of serious physical harm made by one employee against another.

132. On or about March 17, 2026, Plaintiff immediately reported to Human Resources that Jose had threatened to shoot him, represented himself to be affiliated with a criminal street gang, and stated that carrying out the threat "wouldn't be the first time." Plaintiff further advised Defendants that he reasonably feared returning to work while Jose remained employed at the facility.

133. Plaintiff advised Defendants that surveillance cameras and other employees may have witnessed or corroborated the incident and requested that Defendants conduct an investigation.

134. By virtue of Plaintiff's report, Defendants had actual notice that Jose allegedly posed a foreseeable risk of violence to him and potentially other employees.

135. Defendants thereafter assumed responsibility for investigating Plaintiff's complaint and represented that management, Human Resources, and safety personnel would address the reported workplace violence.

136. Defendants negligently supervised Jose and negligently responded to Plaintiff's report of workplace violence by, among other things:

17
COMPLAINT FOR DAMAGES

SCHWARTZ LAW, P.C.
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278
(888) 7300-LAW

a.    Failing to conduct a prompt, reasonable, and thorough investigation of Plaintiff's complaint;

b.    Failing to promptly interview available witnesses;

c.    Failing to adequately review available surveillance footage and other relevant evidence;

d.    Failing to implement reasonable interim protective measures while the investigation was pending;

e.    Failing to reasonably separate Plaintiff and Jose after receiving notice of the reported threat;

f.    Failing to reasonably supervise Jose after receiving notice that he allegedly threatened workplace violence;

g.    Failing to take reasonable steps to ensure Plaintiff could safely continue his employment;

h.    Failing to adequately respond to Plaintiff's repeated requests for protection;

i.    Failing to timely resolve Plaintiff's reported inability to access Defendants' employee scheduling system after instructing Plaintiff to select another shift; and

j.    Otherwise failing to exercise reasonable care under the circumstances.

137.  Plaintiff repeatedly informed Defendants that he wished to continue working if Defendants implemented reasonable measures to protect his safety and permit him to avoid working with Jose.

138.  Defendants knew that Plaintiff was attempting to return to work but believed he could not safely do so unless reasonable protective measures were implemented.

139.  Despite having actual notice of Plaintiff's safety concerns, Defendants failed to exercise reasonable care in supervising Jose and in supervising their own response to the reported workplace violence.

18

COMPLAINT FOR DAMAGES

SCHWARTZ LAW, P.C.
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278
(888) 7300-LAW

140. Instead, Defendants treated Plaintiff's resulting absences as attendance violations and ultimately terminated his employment.

141. Defendants knew or reasonably should have known that their failure to exercise reasonable care in supervising Jose and responding to Plaintiff's complaint created a foreseeable risk that he would suffer emotional distress, economic harm, loss of employment, and other damages.

142. As a direct and proximate result of Defendants' negligent supervision, Plaintiff suffered loss of employment, loss of past and future wages and employment benefits, emotional distress, anxiety, humiliation, mental anguish, and other economic and noneconomic damages according to proof.

143. Plaintiff is entitled to recover compensatory damages, costs of suit, prejudgment interest as permitted by law, and such other and further relief as the Court deems just and proper.

### SIXTH CAUSE OF ACTION FOR NEGLIGENT RETENTION AGAINST ALL DEFENDANTS

144. Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

145. At all relevant times, Defendants owed Plaintiff a duty to exercise reasonable care in retaining employees whose continued employment created a foreseeable risk of injury to coworkers.

146. Defendants further owed Plaintiff a duty to take reasonable measures to protect employees from foreseeable acts of workplace violence after receiving notice that an employee posed a danger to others.

147. On or about March 17, 2026, Plaintiff immediately reported to Human Resources that Jose had threatened to shoot him, represented that he was affiliated with a criminal street gang, and made statements causing him to reasonably believe that the threat was genuine and that carrying it out

19

COMPLAINT FOR DAMAGES

"wouldn't be the first time." Plaintiff further advised Defendants that he feared returning to work while Jose remained employed at the facility.

148. Plaintiff also advised Defendants that other employees and surveillance cameras may have witnessed or corroborated the incident and requested that Defendants investigate those sources.

149. By virtue of Plaintiff's report, Defendants had actual notice that Jose allegedly posed a foreseeable risk of serious harm to him and potentially to other employees.

150. Despite receiving actual notice of the reported threat, Defendants failed to exercise reasonable care in determining whether Jose presented a danger to coworkers.

151. Defendants failed to conduct a prompt, reasonable, and thorough investigation proportionate to the seriousness of the reported threat.

152. Defendants failed to take reasonable interim protective measures while the investigation was pending, including but not limited to reasonably separating Plaintiff and Jose, modifying work assignments, implementing appropriate safety precautions, or otherwise reducing the foreseeable risk of workplace violence.

153. Instead, Defendants continued to retain Jose in the workplace after receiving actual notice of a credible threat of workplace violence from Plaintiff.

154. Plaintiff repeatedly advised Defendants that he wished to continue working if Defendants implemented reasonable measures to protect him from further contact with Jose.

155. Rather than implementing reasonable protective measures, Defendants ultimately required Plaintiff to choose between returning to what he reasonably believed to be an unsafe workplace or risking termination.

156. Defendants thereafter terminated Plaintiff's employment after characterizing his absences as attendance violations.

SCHWARTZ LAW, P.C.
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278
(888) 7300-LAW

20
COMPLAINT FOR DAMAGES

157. Defendants knew or, in the exercise of reasonable care, should have known that retaining Jose in the workplace without implementing reasonable protective measures created a foreseeable risk that Plaintiff would suffer emotional distress, loss of employment, economic damages, and other injuries.

158. As a direct and proximate result of Defendants' negligent retention of Jose after receiving actual notice of the reported workplace violence, Plaintiff suffered loss of employment, lost wages and employment benefits, emotional distress, anxiety, humiliation, mental anguish, and other economic and noneconomic damages according to proof.

159. Plaintiff is entitled to recover all damages permitted by California law, together with costs of suit and such other relief as the Court deems just and proper.

**WHEREFORE, Plaintiff seeks judgment against Defendants, and each of them, as follows:**

1. For general damages according to proof;

2. For special damages according to proof;

3. For all past and future lost wages, salary, bonuses, commissions, employment benefits, and all other forms of compensation according to proof;

4. For past and future loss of earning capacity according to proof;

5. For damages for emotional distress, mental anguish, anxiety, humiliation, embarrassment, inconvenience, and emotional suffering according to proof;

6. For prejudgment interest as permitted by law;

7. For punitive and exemplary damages pursuant to Civil Code section 3294;

8. For reasonable attorney's fees pursuant to Labor Code section 6310 and any other applicable statute;

9. For costs of suit incurred herein;

SCHWARTZ LAW, P.C.
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278
(888) 7300-LAW

21
COMPLAINT FOR DAMAGES

10.  For such equitable relief as the Court deems just and proper, including reinstatement or front pay in lieu of reinstatement, as appropriate;

11.  For such other and further legal and equitable relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 25, 2026                                   SCHWARTZ LAW, P.C.

                                          By:    /s/ Jeffrey M. Schwartz
                                                 Jeffrey M. Schwartz, Esq.
                                                 Attorney for plaintiff Jared Saenz

SCHWARTZ LAW, P.C.
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278
(888) 7300-LAW

22
COMPLAINT FOR DAMAGES

Electronically FILED by Superior Court of California, County of Riverside on 06/29/2026 12:32 PM
Case Number CVRI2603808 0000172555836 - Jason B. Galkin, Executive Officer/Clerk of the Court By Courtney Flores, Clerk

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MENIFEE** 27401 Menifee Center Dr., Menifee, CA 92584

☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-CI032**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar Number and Address*) | FOR COURT USE ONLY |
|---|---|
| Jeffrey M. Schwartz (SBN 254916)<br>SCHWARTZ LAW, PC<br>2218 Rockefeller Ln, Unit A, Redondo Beach, CA 90278<br><br>TELEPHONE NO: (888) 7300-LAW      FAX NO. (*Optional*):<br>E-MAIL ADDRESS (*Optional*): jeff@JeffSchwartzLaw.com<br>ATTORNEY FOR (*Name*): JARED SAENZ | |
| PLAINTIFF/PETITIONER: JARED SAENZ | |
| DEFENDANT/RESPONDENT: WAYFAIR LLC | CASE NUMBER:<br>CVRI2603808 |

### CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒   The action arose in the zip code of:  92571

☐   The action concerns real property located in the zip code of:  _____

☐   The Defendant resides in the zip code of:  _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date   June 25, 2026

Jeffrey M. Schwartz
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

►   *Jeff Schwartz*
(SIGNATURE)

**Page 1 of 1**

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 07/15/21]
(Reformatted 07/08/24)

**CERTIFICATE OF COUNSEL**

Local Rule 3117
riverside.courts.ca.gov

Electronically FILED by Superior Court of California, County of Riverside on 06/29/2026 12:32 PM
Case Number CVRI2603808 0000172555837 - Jason B. Galkin, Executive Officer/Clerk of the Court By Courtney Flores, Clerk

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jeffrey M. Schwartz (SBN 254916)<br>SCHWARTZ LAW, PC, 2218 Rockefeller Ln, Unit A, Redondo Beach, CA 90278<br><br>TELEPHONE NO.: (888) 7300-LAW   FAX NO. :<br>EMAIL ADDRESS: jeff@JeffSchwartzLaw.com<br>ATTORNEY FOR *(Name):* JARED SAENZ | ***FOR COURT USE ONLY*** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  RIVERSIDE
 STREET ADDRESS: 4050 Main Street
 MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 92501
  BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
 SAENZ V WAYFAIR LLC

| CIVIL CASE COVER SHEET<br>[x] **Unlimited** [ ] **Limited**<br>(Amount (Amount<br>demanded demanded is<br>exceeds $35,000) $35,000 or less) | Complex Case Designation<br>[ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>CVRI2603808<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2.  This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties
    b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. [ ] Substantial amount of documentary evidence
    d. [ ] Large number of witnesses
    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4.  Number of causes of action *(specify):* 6
5.  This case [ ] is [x] is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 25, 2026

Jeffrey M. Schwartz
_____
(TYPE OR PRINT NAME)

▶ *Jeff Schwartz*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

**Notice of Removal - Exhibit A**
**33**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. January 1, 2024]      **CIVIL CASE COVER SHEET**      Page 2 of 2

**Notice of Removal - Exhibit A**

**34**

Electronically FILED by Superior Court of California, County of Riverside on 06/29/2026 12:32 PM
Case Number CVRI2603808 0000172555838 - Jason B. Galkin, Executive Officer/Clerk of the Court By Courtney Flores, Clerk

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WAYFAIR LLC, a limited liability company,
and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JARED SAENZ, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Riverside Historic Courthouse | *(Número del Caso):* CVRI2603808 |

4050 Main Street
Riverside, CA 92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffrey M. Schwartz, Esq., 2218 Rockefeller Ln, Unit A, Redondo Beach, CA 90278 (888) 7300-LAW

| DATE: | | Clerk, by | CF | *Courtney Flores* | , Deputy |
|---|---|---|---|---|---|
| *(Fecha)* 06/29/2026 | | *(Secretario)* | | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, *(POS-010)).*

[SEAL]
SUPERIOR COURT OF CALIFORNIA
EUREKA
COUNTY OF RIVERSIDE
GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* WAYFAIR LLC, a limited liability company

under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Corp. Code 17701.16, LLC
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | *www.courtinfo.ca.gov* |
| SUM-100 [Rev. July 1, 2009] | | |

**Notice of Removal - Exhibit A**
**35**

RI-ADR001-INFO



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov

**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) – *INFORMATION PACKAGE*

### *** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT. ***

---

### What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

### Advantages of ADR:
- Faster: ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive: Parties can save court costs and attorneys' and witness fees.
- More control: Parties choose their ADR process and provider.
- Less stressful: ADR is done informally in private offices, not public courtrooms.

### Disadvantages of ADR:
- No public trial: Parties do not get a decision by a judge or jury.
- Costs: Parties may have to pay for both ADR and litigation.

### Main Types of ADR:

**Mediation:** In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone. If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial. In "non-binding" arbitration, any party can request a trial after the arbitrator's decision. The court's mandatory Judicial Arbitration program is non-binding.

Page 1 of 2

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

**Notice of Removal - Exhibit A**
**36**

Arbitration may be appropriate when the parties:
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

### RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

**General Policy:**
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

**Court-Ordered ADR:**
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

**Private ADR (for cases not ordered to arbitration or mediation):**
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

**BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:**
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

**RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:**
- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900
  Chapman University School of Law Mediation Clinic (services only available at the court)

**Page 2 of 2**

**Notice of Removal - Exhibit A**

**37**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-ADR001**

ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar Number and Address*)

*FOR COURT USE ONLY*

TELEPHONE NO:                     FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

CASE NUMBER:

CASE MANAGEMENT CONFERENCE DATE(S):

## STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
(CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference. If eligible, the parties agree to participate in:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

☐ Binding Arbitration     ☐ Other (describe): _____

Proposed date to complete ADR: _____

**<u>SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.</u>**

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff  ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff  ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff  ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff  ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001 [Rev. 01/01/12]
[Reformatted 06/01/16]

**ALTERNATIVE DISPUTE RESOLUTION
(ADR) STIPULATION**

**Page 1 of 1**
Statutory Authority
riverside.courts.ca.gov/localfrms/localfrms.shtml

**Notice of Removal - Exhibit A
38**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2603808

**Case Name:**    SAENZ vs WAYFAIR LLC

### NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Dorothy McLaughlin in Department 10  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 06/29/2026

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: *Courtney Flores*
_____
C. Flores, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

**Notice of Removal - Exhibit A**
**39**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2603808

**Case Name:**    SAENZ vs WAYFAIR LLC

JEFFREY M. SCHWARTZ
2218 ROCKEFELLER LN UNIT A
Redondo Beach, CA 90278

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 01/06/2027 | 8:30 AM | Department 10 |
| Location of Hearing: 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-888-5460 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

**Notice of Removal - Exhibit A**
**40**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2603808

**Case Name:**    SAENZ vs WAYFAIR LLC

JARED SAENZ

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 01/06/2027 | 8:30 AM | Department 10 |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-888-5460 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

**Notice of Removal - Exhibit A**

**41**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2603808

**Case Name:**    SAENZ vs WAYFAIR LLC

WAYFAIR LLC

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 01/06/2027 | 8:30 AM | Department 10 |
| Location of Hearing:<br>4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-888-5460 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

|   | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|---|---|
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

**Notice of Removal - Exhibit A**

**42**

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2603808

SCHWARTZ, JEFFREY M.                          SAENZ, JARED
2218 ROCKEFELLER LN UNIT A
Redondo Beach, CA 90278


WAYFAIR LLC

**Notice of Removal - Exhibit A**

**43**

# Exhibit B

JOANNE ALNAJJAR BUSER (SBN 295191)
joanne.buser@quarles.com
JACK T. EDMOND (SBN 363497)
jack.edmond@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendant WAYFAIR LLC

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

| | |
|---|---|
| JARED SAENZ, an individual,<br><br>             Plaintiff,<br><br>       v.<br><br>WAYFAIR LLC, a limited liability company, and DOES 1 through 100 inclusive,<br><br>             Defendant. | Case No. CVRI2603808<br><br>**DEFENDANT WAYFAIR LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Judge:      Hon. Dorothy McLaughlin<br>Dept.:      10<br><br>Action Filed:   June 29, 2026<br>Trial Date:    Not Set |

Defendant Wayfair LLC ("Defendant") answers Plaintiff Jared Saenz's ("Plaintiff") Complaint ("Complaint") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies each and every material allegation of the Complaint, and each cause of action thereof, and further denies that Plaintiff has been damaged in any manner or amount, or at all, as a result of any act or omission by Defendant or any of Defendant's directors, officers, agents, or employees.

**AFFIRMATIVE DEFENSES**

For a further and separate answer to the allegations contained in the Complaint, Defendant submits the following affirmative defenses:

/ / /

---

**Notice of Removal - Exhibit B**
**45**

**<u>FIRST AFFIRMATIVE DEFENSE</u>**

**(Failure to State a Claim)**

**(All Causes of Action)**

Plaintiff's Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**

**(Legitimate Non-Retaliatory Reasons)**

**(First Through Fourth Causes of Action)**

The Complaint and all causes of action asserted therein are barred because each employment action concerning Plaintiff was taken in good faith, in the exercise of business judgment, and for legitimate, non-retaliatory reasons.

**<u>THIRD AFFIRMATIVE DEFENSE</u>**

**(Same Decision)**

**(First Through Fourth Causes of Action)**

If Plaintiff proves to a trier of fact that an improper motive was a substantial motivating factor in any or all of the challenged job actions, Defendant contends that the same job action would have been taken for proper motives, thereby barring each of the causes of action in Plaintiff's Complaint.

**<u>FOURTH AFFIRMATIVE DEFENSE</u>**

**(Waiver)**

**(All Causes of Action)**

Defendant is informed and believes, and on that basis alleges, that Plaintiff has, by his conduct, waived his right to bring all causes of action.

**<u>FIFTH AFFIRMATIVE DEFENSE</u>**

**(Unclean Hands)**

**(All Causes of Action)**

Plaintiff's Complaint, and each alleged cause of action contained therein, is barred in whole or in part because the loss or harm sustained by Plaintiff, if any, resulted from his own acts

2

DEFENDANT WAYFAIR LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

or omissions and was not due to any act or omission of Defendant.

### SIXTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

**(All Causes of Action)**

Defendant is informed and believes, and on that basis alleges, that Plaintiff has failed, refused, or neglected to mitigate or avoid the damages complained of in his Complaint.  By reason of the foregoing, Plaintiff is barred, in whole or in part, from recovering monetary damages from Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

**(No Punitive Damages)**

**(All Causes of Action)**

Plaintiff's claims for punitive damages are barred, in whole or in part, because Plaintiff has failed to plead facts sufficient to support an award of punitive damages.

### EIGHTH AFFIRMATIVE DEFENSE

**(Punitive Damages as Unconstitutional)**

**(All Causes of Action)**

Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of punitive damages in the action, if and to the extent that any such act is found, recovery of punitive damages is unconstitutional under various provisions of the United States Constitution including, but not limited to, the Due Process Clause of the Fifth Amendment and section 1 of the Fourteenth Amendment.  In addition, the recovery of punitive damages against Defendant is unconstitutional under various provisions of the California Constitution including, but not limited to, the Excessive Fines Clause of section 17 of article I and the Due Process Clause of section 1 of article I.

### NINTH AFFIRMATIVE DEFENSE

**(Estoppel)**

**(All Causes of Action)**

Defendant is informed and believes, and on that basis alleges, that Plaintiff is estopped

3
DEFENDANT WAYFAIR LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

from obtaining the relief in his Complaint by virtue of his acts and conduct in connection with the matters alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Pre-Existing Condition)

### (All Causes of Action)

As a separate affirmative defense to all causes of action asserted in Plaintiff's Complaint, Defendant alleges that any and all claims by Plaintiff based, in whole or in part, upon any alleged physical or emotional injury or mental distress are barred because any such alleged physical or emotional injury or mental distress was proximately caused by factors other than Plaintiff's employment, the actions of Defendant, and/or anyone acting on Defendant's behalf.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Third-Party Conduct)

### (Fifth and Sixth Causes of Action)

Defendant is not responsible for the causes of action in the Complaint because Plaintiff's alleged harm was caused by the actions of a third party for which Defendant has no responsibility or vicarious liability.

## TWELFTH AFFIRMATIVE DEFENSE

### (Arbitration)

The Complaint, and each cause of action therein, is barred by an enforceable arbitration agreement between Plaintiff and Defendant, pursuant to which the parties agreed to arbitrate all issues or claims alleged in the Complaint, including claims against Defendant. Plaintiff must submit his claims to arbitration pursuant to that agreement. At an appropriate time, Defendant will file a petition to compel arbitration of all claims pursuant to the valid arbitration agreement.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates it would

4

DEFENDANT WAYFAIR LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

be appropriate.

Wherefore, Defendant prays that:

1. Plaintiff be denied relief by way of his Complaint;

2. Plaintiff's Complaint be dismissed, with prejudice;

3. Judgment be entered in favor of Defendant and against Plaintiff;

4. Defendant be awarded reasonable attorneys' fees and costs; and

5. For such other and further relief as the Court deems just and proper.

Dated: July 28, 2026                          QUARLES & BRADY LLP

By: _____

JOANNE ALNAJJAR BUSER
JACK T. EDMOND
Attorneys for Defendant WAYFAIR LLC

5

DEFENDANT WAYFAIR LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

## PROOF OF SERVICE

**Jared Saenz v. WAYFAIR LLC**
**Case No. CVRI2603808**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Diego, State of California.  My business address is 101 West Broadway, Suite 1500, San Diego, CA 92101.

On July 30, 2026, I served true copies of the following document(s) described as **DEFENDANT WAYFAIR LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

Jeffrey M. Schwartz, Esq.
**SCHWARTZ LAW, P.C.**
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278

(888) 7300-LAW
jeff@JeffSchwartzLaw.com

Attorney for Plaintiff, Jared Saenz

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address Hyatt.Yosef@quarles.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 30, 2026, at San Diego, California.

_____
Hyatt Yosef

6
DEFENDANT WAYFAIR LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

# Exhibit C

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

## CVRI2603808

SAENZ vs WAYFAIR LLC

Filed Date: **06/29/2026**
Case Status: **Active**

**Unlimited Civil Other Employment**
**Riverside - Department 10**

Case Summary      Case Summary

### Case Summary

#### ˅ COMPLAINTS/PETITIONS

| Filings | Represented By | Status | Dispositions |
|---|---|---|---|
| **SAENZ vs WAYFAIR LLC** Unlimited Civil Other Employment | | Active | |
| **Complaint for Other Employment (Over $35,000) of JARED SAENZ** | | Filed: 06/29/2026 | |
| Plaintiff: JARED SAENZ | JEFFREY M. SCHWARTZ | | |
| Defendant: WAYFAIR LLC | | Waiting Service as of 06/29/2026 | |

#### ˅ HEARINGS

| Date Time | Type | Judicial Officer | Location/Courtroom | Disposition |
|---|---|---|---|---|
| 07/09/2026 08:30 AM | Hearing re: Court Filing Fees - Counsel Advancing Litigation Costs Jared Saenz JEFFREY M. SCHWARTZ, JARED SAENZ | Dorothy McLaughlin | Department 10 | Held - Other pre-disposition hearing |
| 07/28/2026 08:30 AM | Court on its Own Motion | Dorothy McLaughlin | Department 10 | Completed |
| 01/06/2027 08:30 AM | Case Management Conference | Dorothy McLaughlin | Department 10 | Continued Hearing Not Held |
| 02/01/2027 08:30 AM | Case Management Conference | Dorothy McLaughlin | Department 10 | |

**Notice of Removal - Exhibit C**
**52**

## ⌄ DEADLINES & REMINDERS

| Date Created | Timestandard | Expiration Date | Status |
|---|---|---|---|
| 06/29/2026 | Non-Proof of Service of Summons and Complaint | 08/28/2026 | Active |

## ⌄ DOCUMENTS

Search

Document Download

| Status | Date | Description | Filed By | Confidential |
|---|---|---|---|---|
| Filed | 06/29/2026 | Request to Waive Court Fees (FW-001) on Complaint for Other Employment (Over $35,000) of JARED SAENZ | JARED SAENZ | YES Confidential |
| Filed | 06/29/2026 | Summons Issued and Filed | JARED SAENZ | |
| Filed | 06/29/2026 | Civil Case Cover Sheet | JARED SAENZ | |
| Filed | 06/29/2026 | Certificate of Counsel. | JARED SAENZ | |
| Filed | 06/29/2026 | Complaint for Damages: 1. Wrongful Termination in Violation of Public Policy | JARED SAENZ | |
| Generated | 06/29/2026 | Notice of Case Management Conference Complaint for Other Employment (Over $35,000) | | |
| Generated | 06/29/2026 | Notice of Department Assignment | | |
| Generated | 06/29/2026 | Notice of Hearing re: Court Filing Fees | | |
| Filed | 07/09/2026 | Order on Court Fee Waiver (FW-003) - Granted | JARED SAENZ | |
| Generated | 07/09/2026 | Minute Order: Hearing re: Court Filing Fees - Counsel Advancing Litigation Costs Jared Saenz JEFFREY M. SCHWARTZ, JARED SAENZ | | |
| Filed | 07/13/2026 | Order on Court Fee Waiver (FW-003) - Granted | JARED SAENZ | |
| Generated | 07/17/2026 | Clerk's Certificate of Electronic Service 07/13/2026 Order on Court Fee Waiver (FW-003) - Granted | | |
| Generated | 07/28/2026 | Clerk's Certificate of Electronic Service of 07/28/2026 Minute Order: Court on its Own Motion on Complaint for Other Employment (Over $35,000) of JARED SAENZ | | |

**Notice of Removal - Exhibit C**

**53**

| Status | Date | Description | Filed By | Confidential |
|---|---|---|---|---|
| Generated | 07/28/2026 | Minute Order: Court on its Own Motion | | |

## ⌄ CASE LEDGER

| | Amount | Paid | Balance |
|---|---|---|---|
| Fines and Fees Totals | $451.85 | $451.00 | $0.00 |
| Restitution Totals | $0.00 | $0.00 | $0.00 |

Go Back

Copyright © Journal Technologies, USA. All rights reserved.

**Notice of Removal - Exhibit C**

**54**

# Exhibit D

JOANNE ALNAJJAR BUSER (SBN 295191)
joanne.buser@quarles.com
JACK T. EDMOND (SBN 363497)
jack.edmond@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for WAYFAIR LLC

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

| | |
|---|---|
| JARED SAENZ, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>WAYFAIR LLC, a limited liability company, and DOES 1 through 100 inclusive,<br><br>    Defendant. | Case No. CVRI2603808<br><br>**AMENDED PROOF OF SERVICE OF ANSWER TO COMPLAINT**<br><br>Judge:        Hon. Dorothy McLaughlin<br>Dept.:        10<br><br>Action Filed:    June 29, 2026<br>Trial Date:     Not Set |

AMENDED PROOF OF SERVICE OF ANSWER TO COMPLAINT

**Notice or Removal - Exhibit D**

**56**

## PROOF OF SERVICE

**Jared Saenz v. WAYFAIR LLC**
**Case No. CVRI2603808**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Diego, State of California.  My business address is 101 West Broadway, Suite 1500, San Diego, CA 92101.

On July 30, 2026, I served true copies of the following document(s) described as **AMENDED PROOF OF SERVICE OF ANSWER TO COMPLAINT** on the interested parties in this action as follows:

Jeffrey M. Schwartz, Esq.
**SCHWARTZ LAW, P.C.**
2218 Rockefeller Ln, Unit A
Redondo Beach, CA 90278

(888) 7300-LAW
jeff@JeffSchwartzLaw.com

Attorney for Plaintiff, Jared Saenz

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List, with postage thereon fully prepaid.  I placed each such envelope or package for deposit with United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address Hyatt.Yosef@quarles.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 30, 2026, at San Diego, California.

_____
Hyatt Yosef

2
AMENDED PROOF OF SERVICE OF ANSWER TO COMPLAINT